### FITCH v. HUNTINGTON. — IN ERROR.

After the average is struck on an insolvent estate, no future interest can arise on such average, as relative to the estate; but if the administrator so conduct as to subject himself personally to the payment of interest, the action must be brought accordingly.

HUNTINGTON brought his action to the Court of Common Pleas, on a promissory note, against Fitch, administrator on the estate of Azel Fitch, deceased.    Fitch pleaded in abatement, that the estate of said deceased was duly represented insolvent (and in fact proved unable to pay more than one shilling and six pence on the pound).    That commissioners were duly appointed to receive and examine the claims upon said estate, who gave notice of their appointment and powers, according to law; and that the plaintiff neglected to exhibit his demand, until the expiration of said commission, and a

final settlement and quietus was granted upon said administration.

The plaintiff replied, that in January, 1770, he exhibited his said claim to the commissioners on said estate, in the life of their commission, who allowed the same, and made return thereof to the Court of Probate; which return was accepted by the said court.

Upon the facts stated in the replication, issue was joined; and a verdict for the plaintiff. Mr. Larrabee and Mr. Bissel moved in arrest, and for cause alleged —

1. That the jury, in their assessment of damages, had allowed to the plaintiff the interest on the average sum of his debt, from the time it was presented to the commissioners; which was illegal.

2. That the original note on which, etc., having been exhibited to the commissioners, and by them allowed and ascertained against the estate of said deceased, no action is now sustainable on said original note. And that there can be no foundation in law, for a recovery of damages by the plaintiff, but upon a neglect of payment by the defendant, as administrator.

Mr. Swift and Mr. Spaulding replied, that the demand against the estate of said Azel, deceased, was a note of hand on interest, and that said average ought to have been paid in the month of January, 1770, but the defendant, regardless of his duty as administrator, took all the estate into his possession, and had ever since had the use and benefit thereof, and had always refused to discharge said debt; and that the jury allowed no more than the lawful interest of the plaintiff's average from the time it ought to have been paid.

The Court of Common Pleas established this verdict, and rendered judgment thereon.

Judgment was reversed.

By the whole COURT. Interest, upon the plaintiff's average, was allowed out of the estate of the deceased. This would work injustice to the other creditors, who would thereby be cut short of their average. If an administrator upon an insolvent estate, after the average is struck, makes himself liable for interest, it is his own estate he subjects, and not that of the deceased; and the action and judgment should accord with the circumstance of the administrator's personal liableness.